FILED
1997 JAN 30 PM 3: 37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| KWAME N. GRATTON, ] | |
| ] | |
| Plaintiff(s), ] | |
| ] | |
| vs. ] | CV-95-N-3205-S |
| ] | |
| GREAT AMERICAN ] | |
| COMMUNICATIONS, et al., ] | |
| ] | |
| Defendant(s). ] | |

**ENTERED**
JAN 30 1997

## Order

In accord with the Memorandum of Decision, entered herein, it is hereby

**ORDERED:**

1. The plaintiff's motion for reconsideration is **DENIED;**

2. The defendants' motion to dismiss for discovery abuses is **GRANTED;** and

3. Costs are **TAXED** against the plaintiff.

Done, this 30th of January, 1997.

_____
Edwin L. Nelson
United States District Judge

51

FILED
97 JAN 30 PM 3:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

KWAME N. GRATTON, ]
]
    Plaintiff(s), ]
]
vs. ] CV-95-N-3205-S
]
GREAT AMERICAN ]
COMMUNICATIONS, et al., ]
]
    Defendant(s). ]

ENTERED
JAN 30 1997

### Memorandum of Decision

    The court has for consideration the renewed motion for reconsideration, first filed by the plaintiff on September 23, 1996. The motion was heard in chambers, but on the record, at 8:00 a.m. on Wednesday, January 29, 1997. Upon due consideration, the motion for reconsideration will be denied. Moreover, the motion to dismiss filed by the defendant Great American Broadcasting Company and adopted by defendants New World Communications Group, Inc., New World Communications Trust, and Fox Television Stations, Inc., previously ruled moot, is reconsidered, and upon such reconsideration, will be granted.

    This case, almost from the very beginning, has been attended by the plaintiff's unwillingness or inability to comply with the civil rules, ordinary and expected litigation procedures, and the orders of this court. Before the action was filed, when Mr. Gratton was represented by another attorney, counsel for one of the defendants was informed that he had made four to six surreptitious recordings of conversations between himself and the

51

supervisor about whom he complains. Only two recordings have ever been produced and the plaintiff has not provided an adequate explanation for the missing tapes. On June 27, 1996, the court ordered the plaintiff to conduct a search for the missing recordings and to report the results of that search to the court. On July 17, 1996, after receiving the report, the court wrote:

> On July 9, 1996, Mr. Gratton filed an affidavit which fails to comply with the requirements of the court's order. Specifically, he states the recordings were made during meetings with his supervisor Becky Dan; however he does not include the dates, times, places, persons involved, and all other possibly relevant matters concerning how the tapes came to be made. He mentions that the recordings were micro-cassette recordings, but provides no further information as to the type of device or media used to make the recordings. He states that the tapes were stored in his bedroom and basement; however, his description seems evasive and lacks the details requested by the court. Mr. Gratton wholly ignored the court's direction to provide a detailed description of his efforts to locate the tapes. And, as to the content of each recording, he merely states the tapes contain conversation regarding the defendant's philosophy regarding minorities as expressed by Becky Dan.

Because the plaintiff had failed to comply with the court's order, he was forbidden to use the tape recordings for any purpose during the litigation.

During his deposition, the plaintiff stated that he had discussed his claim with a co-worker with whom he had a personal relationship but refused to identify that person by name. Responding to the defendants' motion, the court directed the plaintiff to identify the person to whom he had spoken. Through counsel Mr. Gratton gave the name of a particular individual. At a second deposition on August 30, 1996, the plaintiff revealed that the person identified by his attorney was not the person about whom he had spoken earlier and

provided a different name.¹ What is clear, whether fault be placed entirely with the plaintiff or his attorney, is that Mr. Gratton was playing fast and loose with his obligation to give discovery, having decided for himself that the name of the person involved was not relevant.

By order entered on August 30, 1996, the court directed Mr. Gratton to provide defense counsel with releases in order to permit them to acquire certain medical records or else suffer dismissal. When the records were not provided, the action was dismissed on September 19, 1996.² Four days later, on September 23, 1996, the plaintiff filed a *pro se* motion for reconsideration of the order of dismissal, claiming that he had, on an earlier occasion, delivered to Mr. Penick written releases for his medical records. He also claimed that Mr. Penick had not informed him of the order of August 30, 1996.³ The court set the

---

[1] At the hearing on January 29, 1997, Mr. Gratton stated that his attorney had misunderstood regarding the first name and that he had requested counsel to correct the earlier misinformation. His attorney, Mr. Penick, stated that Mr. Gratton had not given him the new name until the date of the second deposition.

[2] Again, Mr. Gratton would place the blame on his attorney. Whether it was Mr. Gratton, his attorney, or a combination of them both, is irrelevant. If it was Mr. Gratton, he must be held accountable for his conduct. If it was his attorney, it is he who must suffer the consequences of the default. The Supreme Court has said,

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' *Smith v. Ayer,* 101 U.S. 320, 326, 25 L.Ed. 955, 958.

*Link v. Wabash Railroad Company,* 370 U.S. 626, 633 (1962).

[3] On September 4, 1996, Mr. Penick moved for permission to withdraw as counsel to the plaintiff. He seemingly conceded at the hearing on January 29, 1997, that he had not subsequently provided Mr. Gratton with notices of orders and hearings set by the court. The motion to withdraw was granted orally at the close of the hearing on January 29, 1997.

motion for reconsideration for hearing on October 16, 1996. At the appointed time and place neither Mr. Gratton nor Mr. Penick appeared and the motion for reconsideration was denied.

On October 18, 1996, Mr. Gratton filed an affidavit which the court treated as renewed motion for reconsideration of the order of dismissal. He stated that he had not personally received notice of the hearing of October 16 and that Mr. Penick had not notified him of it. The court then set the hearing that was held on this date, ordered both Mr. Gratton and Mr. Penick to be personally present, and directed the clerk to serve copies of the order on them in a manner which would require them to sign receipts for their copies.

Based upon the entire record in this matter, including the unnecessary and wasteful expenditure of resources by the defendants, the inordinate amount of judicial resources expended needlessly in this litigation, and the plaintiff's clear and undeniable unwillingness to comply with required procedures and orders of the court, the motion for reconsideration will be **DENIED**. Moreover, for reasons stated herein and in their motion to dismiss for discovery abuses, the defendants' motion to dismiss will be **GRANTED**.

Done, this 30th of January, 1997.

_____
Edwin L. Nelson
United States District Judge